# EXHIBIT 2



March 22, 2016

Jason Kirschenbaum

Via e-mail: Jason.kirschenbaum83@gmail.com

    Re:    Formation of Single Asset REIT

Dear Jason;

    This letter sets out the terms for the collaboration by you and Elevated Returns LLC ("ER LLC") in connection with the formation and listing on the Nasdaq Stock Market ("Nasdaq") of a single asset REIT, the underlying real estate asset of which is expected to be the Sunset Tower Hotel in Los Angeles, which is owned by an affiliate of ER LLC. The initial project is referred to herein as the "Initial Listing." It is expected that you with Stephane De Baets, ER LLC and any affiliate with ER LLC shall, forthwith, form an advisory company (the "Advisor") that would generate advisory fee income in connection with underlying asset which is expected to be the Sunset Tower Hotel in Los Angeles and each subsequent listing going forward, will seek to replication this structure by arranging the listing on Nasdaq of a series of additional single assets REITs.

    Because of your prior experience in connection with the abandoned listing of ETRE REIT, LLC, a single purpose REIT that filed a registration statement with the Securities and Exchange Commission (the "SEC"), and the knowledge that you gained during that process, we propose to collaborate with you on the Initial Listing. In connection with the foregoing Initial Listing, we would expect that the newly formed Advisory Company shall serve as a strategic consultant to ER LLC in connection with the Initial Listing. As such, you would be expected to coordinate and supervises the day to day aspects of the Initial Listing, including the development of the business portions of the registration statement to be filed with the SEC, advising on the sales and marketing strategy applicable to the Initial Listing, and managing the participation of the legal and financial adviser engaged to assist with Initial Listing. Although we would not expect you to take on this engagement on a full time basis, we would expect you to dedicate such time to the Initial Listing as many be reasonably necessary to contribute to its ultimate success.

    **Administrative Service Advisory Fee:** Defined as 1.5%-2% of total equity float paid to advisory company formed in connection with your involvement with the Initial Listing, you would be entitled to receive one half (50%) of any advisory fee paid to Advisory Company (the "Advisor" ) which we form in connection with the Initial Listing in the event that the listing of the single purpose REIT on the NASDAQ is successful and continued to be actively engaged in the project through that time. This arrangement will stay in place with future successful deals.

**The Reoccurring Fees**: to keep maintenance (filing of K's & Q's) of the Single Asset REIT, are 2% of NOI + 200k (paid out quarterly) and shall be paid to Advisory Company to be formed, and split between Stephane De Baets and you. TBD this first deal. With regards to future successful deals this arrangement will be discussed and evaluated before each successful deal.

**Administrative Advisory Sales Fee**: In the event that the Sunset Tower Hotel is sold during the time the asset is listed on NASDAQ, there will be a 1% fee of total capitalization paid at the end of the month immediately preceding a Property Sale to Advisory Company. Stephane De Baets and you will split this 1% fee of total capitalization. This arrangement will stay in place with future successful deals.

As stated we will form this advisory Company simultaneously with first deal and you would be entitled to Twenty Five Percent (25%) of the founders equity issued in connection with the formation of the Advisor Company. And if we are not successful on the first try/ deal I will terminate/ dissolve this Advisory Company (that we formed) due to unsuccessful results and the Advisory Company and the listing of additional single asset REITs, will no longer exist you and there will be no such partnership or agreements in connection with the formation of the Advisor Company. The detailed terms among you and ER LLC as shareholders/owners of the Advisor would, of course, be subject to our mutual agreement. Notwithstanding, the terms of this Agreement should mimic those of the St Regis Aspen Hotel listing in Colorado. All rights in any intellectual property developed in furtherance of the Initial Listing shall belong to ER LLC.

Other than agreeing to form the new Advisory Company and its stated fees as well as the equity percentages defined herein, nothing in this letter is intended to create a partnership or joint venture between the parties hereto nor is it intended to make either party the agent of the other for any purpose whatsoever. Neither party shall have the authority to commit the other party to any binding obligation or to execute, on behalf of the other party, any agreement, lease or other document creating legal obligations on the part of the other party, and neither party shall represent to any third party that it has such authority. In addition, each of you and ER LLC shall be deemed to be independent contractors in relation to the matters set out above, and under no circumstance will you be deemed to be acting in the capacity of an employee of ER LLC or any of its affiliates. Your and our participation in the proposed Initial Listing is voluntary and either you or we may terminate our respective participation at any time.

No party to this letter may assign any of its rights or obligations under this Agreement (by operation of law or otherwise) without the prior written consent of the other party hereto, except that ER LLC may assign its rights hereunder to an affiliate that it designates to undertake advisory services in connection with the Initial Listing, provided Jason Kirschenbaum is afforded notice of same and an opportunity to object.

This letter and the rights of the parties hereunder shall be governed by, and construed in accordance with, the law of the State of New York without giving effect to the conflicts of law principles of such state.

March 10, 2016
Page 3

    This letter may be executed and delivered in counterparts, each of which when executed and delivered will have the force and effect of an original. A facsimile or electronic signature (including a signature in portable document format, or pdf) will stand as the original.

    If you agree to the terms set out above, please acknowledge your agreement by signing a counterpart of this letter and returning it to the undersigned via pdf at the following e-mail address stephane@optasiacapitlal.com.

Sincerely,

Stephane De Baets

Accepted:

*[signature]* 4/1/16

Jason Kirschenbaum