# EXHIBIT 9



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

RICHARD G. MENAKER
*Principal*
Extension 223
rmenaker@offitkurman.com

March 26, 2019

By Email & First-Class Mail

Stephen J. Riccardulli, Esq.
Buchanan Ingersoll & Rooney PC
640 Fifth Avenue, 9th Floor
New York, NY 10019-6102

   Re: Stephane De Baets/Jason Kirschenbaum

Dear Mr. Riccardulli:

   We represent Stephane De Baets and write in response to your March 8, 2019 letter to him concerning your client Jason Kirschenbaum. That letter is inaccurate in virtually every material respect, and there is no basis for your client's demand for a "buyout" of some purported equity interest in any of the De Baets companies.

   Your client is a party to a March 22, 2016 agreement letter providing that he would play an active role in developing an advisory company that would provide advice on the public offering of a single-asset REIT holding the Sunset Tower Hotel in Los Angeles (and subsequently, a public offering of an additional single asset REIT for the St. Regis Aspen). Upon achieving a successful public offering, that single-asset REIT would have been listed on the NASDAQ. The plan was for this initial activity to prove the viability of the concept; if successful, the advisory company would advise other real property owners in the creation of single-asset REITs. Various fees would accrue to the advisory company, and Kirschenbaum would be granted an equity interest in the advisory company.

   As it turned out, none of this happened. No public offering of a single-asset REIT successfully occurred because interest from potential investors proved limited and costs were much higher than expected—in fact, more than double those predicted by Kirschenbaum based on what he claimed to be his experience at another firm that had attempted to create a similar asset class, Etre Financial LLC. Since, moreover, the contemplated publicly traded REIT was never set up, no advisory company was formed, and the proposed enterprise was abandoned.

   Despite the failure of the proposed venture, your client expressed an interest in continuing to work with De Baets to see if some other future business could be developed. De Baets hired him in March 2018 at a salary of $140,000 per year as an employee of Elevated Returns LLC, a company wholly-owned by De Baets. Kirschenbaum was given workspace at

Stephen J. Riccardulli, Esq.
March 26, 2019
Page 2

Elevated Returns' office in Manhattan, where he worked with the company staff on investigating new business opportunities. He received a regular salary as an employee, signed an IRS Form W-4 as an employee, and received an IRS Form W-2 for the 2018 calendar year as an employee. Kirschenbaum also invested personal funds in various properties the company established or invested in, including a venture called Aspen Coin and another called Securitize. Kirschenbaum retains his investments in those enterprises.

In late 2018, Kirschenbaum's performance as an employee became irregular and unsatisfactory; he reduced his time in the office and was rude to members of the staff. In February 2018, after De Baets reprimanded him for late participation in a conference call with parties in Bangkok, he simply stopped coming in. In text messages and emails, he made clear to De Baets, colleagues and vendors that he would separate from the company. De Baets indicated a willingness to make a severance payment as part of a formal separation and asked in a text message, "what do you want?" A "buyout proposal" was never "requested" because there was nothing to buy out.

Nevertheless, the crux of Kirschenbaum's demand as conveyed by your March 8 letter is that he be paid for a "buyout" of a supposed joint equity interest that he somehow shared with De Baets as a partner or joint venturer in Elevated Returns. The letter suggests that this "equity" arises under the March 22, 2016 written agreement letter. That position is baseless. The agreement letter states flatly that *"nothing in this letter is intended to create a partnership or joint venture between the parties hereto…."* The only equity interest contemplated by the agreement letter was Kirschenbaum's potential interest in a different entity, the <u>advisory company</u>, which would have been created only if the public offering of a NASDAQ-listed single-asset REIT venture got off the ground. As Kirschenbaum knows, it never did.

Much else stated in your March 8 letter is inaccurate but also largely beside the point. Your client has no basis whatsoever for his claim of a right to be bought out of a company in which he was simply an employee. A rereading of the relevant documents, including the emails between Kirschenbaum and De Baets at the end of your client's brief tenure as an employee, will reinforce the point that your client's claim has no merit.

Your sincerely,

Richard G. Menaker