IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01950-CNS-KAS

JASON KIRSCHENBAUM,

    Plaintiff,

v.

STEPHANE DE BAETS,
ELEVATED RETURNS, LLC,
315 EAST DEAN ASSOCIATES, INC.,
ASPEN DIGITAL, INC.,
THOSAPONG JURUTHAVEE,
RAVIPAN JURUTHAVEE,
ER GLOBAL LLC, and
ER MERRY WAY LP,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery** [#56] (the "Motion").[1] Defendants ask the Court to stay discovery in this case until after the District Judge has ruled on their Motion to Dismiss [#50].

    When exercising its discretion regarding whether to enter a stay, the Court considers the following factors: (1) Plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

    Applying these factors, the Court first finds that the requested stay will not prejudice Plaintiff, particularly as Plaintiff is unopposed to the stay and, according to Defendants, "recognizes that such a step is cost effective and efficient for all parties." *Motion* [#56] at 3. Similarly, Defendants are seeking the stay and discuss the inherent

---

[1] For purposes of this Minute Order, "Defendants" do not include Thosapong Juruthavee or Ravipan Juruthavee, who have not yet entered their appearances.

waste "if they are forced to engage in time-consuming and expensive discovery" should the Motion to Dismiss [#50] be granted. *Id.* at 3-4. Thus, these two factors weigh in favor of entry of a stay.

The third factor, however, weighs against entry of a stay, as the Court is generally disinclined to enter stays where the request is based on a pending dispositive motion asserted solely under Fed. R. Civ. P. 12(b)(6), where no issues such as immunity are at stake. In their Motion to Dismiss [#50], Defendants argue that Plaintiff's state law claims need to be dismissed on the basis of res judicata and that his federal claims fail because he has not met the requirements of the Securities Exchange Act.

The fourth factor is neutral, as there are no identified non-parties who will be affected by the imposition of a stay of discovery. *Motion* [#56] at 4. Regarding the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution, but that such considerations in the present context are not determinative and are therefore neutral. Thus, the fourth and fifth *String Cheese Incident* factors weigh neither in favor of nor against staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#50] is appropriate.

IT IS HEREBY **ORDERED** that the Motion [#56] is **GRANTED**. All discovery is **STAYED** pending resolution of the Motion to Dismiss [#50].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 3, 2025, at 10:00 a.m. is **VACATED**.

IT IS FURTHER **ORDERED** that, within five business days of any order denying the Motion to Dismiss [#50] in whole or in part, the parties shall file a motion to reset the Scheduling Conference.

Dated: February 24, 2025