IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 24-cv-01950-CNS**

JASON KIRSCHENBAUM

    Plaintiff,

v.

STEPHANE DE BAETS, ELEVATED RETURNS, LLC, 315 EAST DEAN ASSOCIATES, INC., THOSAPONG JURUTHAVEE, RAVIPAN JURUTHAVEE, ER GLOBAL LLC, ER MERRY WAY LP, and ASPEN DIGITAL, INC.

    Defendants.

---

**RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION**

---

Defendants Stephane De Baets, Elevated Returns, LLC, 315 East Dean Associates, Inc., Aspen Digital, Inc., Thosapong Juruthavee, Ravipan Juruthavee, ER Global LLC, and ER Merry Way LP (collectively "Defendants"), by and through their attorneys, Garfield & Hecht, P.C. and Offit Kurman, P.A., hereby respectfully submit this Response in Opposition to Plaintiff Jason Kirschenbaum's Motion for Reconsideration (Dkt. No. 70, filed July 10, 2025[1]). Plaintiff's motion is exactly what a motion for reconsideration should

---

[1] It should be noted that Plaintiff filed his motion for reconsideration precisely ten days after oral argument was held on his motion to dismiss; yet, at oral argument, Plaintiff told the Court that he could not amend his complaint within ten days because he would be out of the country then and would find it difficult to work while away. *See* Ex. 1, Tr. 31:5-8, 35:13-19. Apparently, the difficulty was not too great to prevent the filing of the instant motion, though perhaps it explains Plaintiff's failure to meet and confer before filing the motion as required by local rules, *see* D.C.COLO.LCivR 7.1(a), and to format his motion papers in conformity with the Court's Uniform Civil Practice Standards, *see* Civ. Practice

3255059.1

not be: an attempt at a do-over on his opposition to Defendants' motion to dismiss. Plaintiff offers no new evidence or legal authority that would compel the Court to change its decision; instead, he just repeats arguments that were already rejected by the Court or makes arguments that he could have made in opposition to the motion to dismiss but chose not to. What's more, the arguments Plaintiff raises are entirely without merit: the legal standard for *res judicata* is the same under both New York and Colorado law, barring Plaintiff's state-law claims.

## LEGAL STANDARD

"Courts may in their discretion reconsider interlocutory orders" under Rule 54(b), but this "discretion is limited." *Xcel Energy Servs., Inc. v. Nat'l Am. Ins. Co.*, No. 22-CV-02802-CNS-STV, 2023 WL 3764640, at *5 (D. Colo. June 1, 2023) (Sweeney, J.). "There are three main grounds that may justify reconsideration: (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Martinez v. Harroun*, No. 1:23-CV-01241-CNS-SBP, 2025 WL 35595, at *1–2 (D. Colo. Jan. 6, 2025) (Sweeney, J.) (citation omitted). "Such relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (citation omitted). "Reconsideration motions are inappropriate vehicles to advance new arguments or supporting facts available at the time of the original motion, and a reconsideration motion should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Xcel Energy Servs.* at *5 (citation omitted).

---

Standard 10.1(a), despite the Court's admonition at oral argument that the parties follow these rules. *See* Tr. 33:22-34:1, 34:14-21.

## II. THE COURT APPLIED THE CORRECT LEGAL STANDARD IN DISMISSING PLAINTIFF'S CLAIMS

Though he never took a position on the proper choice of law in his opposition to Defendants' motion to dismiss (and thus waived his argument), Plaintiff now asserts that the Court erred in relying on the Tenth Circuit's decision in *Markley v. U.S. Bank Nat'l Ass'n*, 142 F.4th 732 (10th Cir. 2025), decided under Colorado law, rather than upon New York law. This argument fails because there is no conflict between New York and Colorado law: both jurisdictions bar successive litigation asserting claims that relate to the same transaction and could have been raised in prior litigation.

As a threshold matter, the Court was correct to apply Colorado law because "courts do not make choice of law decisions unless an outcome-determinative conflict exists between two bodies of law that may apply to a claim. When no outcome-determinative conflict exists, a court applies the forum state's law." *Xcel Energy Servs*. at *1 (cleaned up). Here, as explained in Defendants' Reply in Support of Motion to Dismiss (Dkt. 62) at n.2, and not disputed by Plaintiff at oral argument, the rules of claim preclusion are the same under both New York and Colorado law. *See Harbinger Cap. Partners LLC v. Ergen*, 103 F. Supp. 3d 1251, 1259–60 (D. Colo. 2015). With no conflict between New York and Colorado law, *Markley* controls.

Nevertheless, Plaintiff now argues that there is a conflict of law here because New York law, *contra Markley*, does not bar successive claims unless those specific claims were asserted, adjudicated, and dismissed with prejudice in a prior action. Motion at 5-8. Without couching it in terms of choice of law, Plaintiff made this argument in his Opposition to Motion to Dismiss (Dkt. 59) at 12-15, citing many of the same cases, which is

- 3 -

inappropriate on a motion for reconsideration. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In any event, Plaintiff's argument lacks merit. As explained in Defendants' Reply at 3, New York law bars all claims that arise from the same transaction or series of transactions, even those not previously asserted. Plaintiff's authorities are not to the contrary.

Plaintiff argues that certain of his claims should be allowed in this Court because in New York claim preclusion bars only prior claims that were expressly dismissed with prejudice, citing *Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 14 (N.Y. 2008) and *Miller Mfg. Co. v. Zeiler,* 45 N.Y.2d 956 (N.Y. 1978).[2] Regardless of whether Plaintiff's legal proposition is valid (it is not), his procedural premise is wrong in this case—all of his claims were dismissed *with prejudice* in New York. The initial order dismissing portions of an earlier pleading without prejudice was superseded by the ultimate issuance of a final judgment, which stated flatly that "the Second Amended Complaint, and this action in its entirety, be, and the same hereby is, dismissed with prejudice as against all Defendants." Dkt. 62-1. Neither *Landau* nor *Miller* or any of the other New York decisions cited by Plaintiff involved that straightforward procedural fact. Plaintiff's resort to those inapt cases is frivolous.

Significantly, plaintiff's cited authorities all in effect recognize that, under New York law, for *res judicata* to attach, there must be a dismissal with prejudice of at least some claims arising from the same transaction or series of transactions. And as this Court

---

[2] Plaintiff ignores *Gulf LNG Energy, LLC v. Eni S.p.A.*, 232 A.D.3d 183, 193 (N.Y. App. Div. 1st Dep't 2024) ("*Miller* does not stand for the proposition that all claims dismissed without prejudice may evade the application of the doctrine of res judicata.").

correctly ruled, that is the same standard articulated in *Markley*: In the words of the Court of Appeals: "No doubt, if Markley's lawsuit was dismissed without prejudice, then the entire cause of action would not be considered resolved, and claim preclusion would not bar a second lawsuit with the same claims. But that is not what happened here. . . . [T]he prior action . . . did issue a final judgment on the merits . . . From that point on, any claims Markley asserted that were part of the same transaction asserted in his previous complaint were precluded." *Markley*, 142 F.4th at 741 (quotation omitted).

### III. PLAINTIFF'S CLAIMS ARISE FROM THE SAME TRANSACTIONS AS HIS DISMISSED NEW YORK CLAIMS

After ignoring the issue when it was raised in Defendants' Motion to Dismiss (Dkt. 50) at 18-20 and Reply at 1-5, and failing to address it at oral argument, Plaintiff now argues for the first time that his state law claims in this action do not arise from the same transaction as those dismissed in New York because the instant claims supposedly "post-date" the New York action and thus are "separate" (Motion at 8-10). Beyond waiver, this argument fails because of a basic legal problem and an indisputable factual problem: Plaintiff fails to consider the legal standard to determine whether transactions are separate, he overstates the differences between his current and former claims, and he sidesteps when he purportedly "discovered" his claims. Each of these failures defeats his demand for reconsideration.

Regarding the legal standard, as explained in Defendant's Motion to Dismiss, and repeated in the cases cited by Plaintiff in this motion, whether claims arise from the same series of transactions depends on "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a

- 5 -

unit conforms to the parties' expectations or business understanding or usage." *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100–01 (2005); *see also Foster v. Plock*, 2017 CO 39, ¶ 29 (same under Colorado law). Though Plaintiff never addresses this standard, it clearly bars his claims, all of which relate to facts that occurred at the same time, in the same place, with the same actors, and with the same motivations as his New York claims—a *fact* that is apparent from plaintiff's initial Complaint in this action, which was almost verbatim identical to the Second Proposed Third Amended Complaint in the New York action.

As for the dispositive fact, Plaintiff in effect concedes it in his motion papers, where he explains that Count II of the Amended occurred in "the middle of the New York litigation" and Count IV was only "discovered during the New York action"—in other words, during discovery of the transactions at issue in the New York litigation.[3] Generally, claims which are identified during discovery in a pending action can and should be brought by amendment of the pleadings in that action, not by commencing a new action, and indeed that is what Plaintiff first tried to do by twice seeking leave to file a Third Amended Complaint in New York. Plaintiff's problem is not that he did not know the facts in time to amend, but that his claims lacked merit—the New York court denied his motions to amend *during that case* on grounds of futility. Plaintiff chose not to appeal those decisions and now cannot claim-split and forum shop his way around them. As the Court rightly held,

---

[3] The discovery of a claim is, of course, different from the accrual of a claim, which distinguishes *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). In *Pike*, a claim for indemnification that arose out of an arbitration award was, unsurprisingly, not precluded by the award itself—though indemnification is the rare claim that can be asserted contingently, the *Pike* court held that parties are under no obligation to do so and could instead assert the claim in a new action. Here, Plaintiff's claims did not accrue as a result of the New York litigation.

"[t]hese claims could have been, should have been, and in some cases were brought in the New York litigation, and it is wholly improper to try and revive them here." Tr. 30:19-22.

## IV. CONCLUSION

Plaintiff can point to no new authority, no new evidence, and even no new logic to dislodge the basic legal and factual premises of the Court's decision dismissing his state-law claims: under both Colorado and New York law, his claims all relate to the same series of transactions—a series of business deals that he already presented in full to a New York court that found them nonactionable. Thus, is no cause for the Court to reconsider its decision.

WHEREFORE, Defendants respectfully ask that Plaintiff's Motion for Reconsideration be denied.

DATED this 31st day of July, 2025.

Respectfully submitted,

/s/ Christopher D. Bryan
Christopher D. Bryan
Macklin Henderson
GARFIELD & HECHT, P.C.
625 East Hyman Ave., Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
Fax: (970) 925-3008
cbryan@garfieldhecht.com
mhenderson@garfieldhecht.com
*Attorneys for Defendants*

Richard G. Menaker
Alexander Mirkin
OFFIT KURMAN, P.A.
590 Madison Avenue, 6th Floor

                                                 New York, New York 10022
                                                 Telephone: (212) 545-1900
                                                 Fax: (212) 545-1656
                                                 rmenaker@offitkurman.com
                                                 amirkin@offitkurman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2025, a true and correct copy of the foregoing **RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION** was filed with the Court and served via CM/ECF upon all parties of record.


                                               */s/ Rebekah Ortell*
                                               Rebekah Ortell

3255059.1