UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01950-CNS

JASON KIRSCHENBAUM,

    Plaintiff,

v.

STEPHANE DE BAETS, ELEVATED RETURNS, LLC, 315 EAST DEAN ASSOCIATES, INC., THOSAPONG JARUTHAVEE, RAVIPAN JARUTHAVEE, ER GLOBAL LLC, ER MERRY WAY LP and ASPEN DIGITAL, INC.

    Defendants.

## REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, Jason Kirschenbaum ("Plaintiff" or "Kirschenbaum") by his undersigned attorneys, Gulko Schwed, LLP respectfully submits this reply memorandum of law in further support of his motion for reconsideration of the Court's June 30, 2025 decision granting in part the motion to dismiss Plaintiff's Amended Complaint (the "Complaint") by defendants Stephane De Baets ("De Baets"), Elevated Returns, LLC, 315 East Dean

1

Associates, Inc., ER Merry Way LP, and Aspen Digital, Inc. (collectively referred to herein as Defendants):

## ARGUMENT

As set out in Plaintiff's moving papers, Plaintiff was compelled to file this motion for reconsideration to respectfully correct two errors in the Court's decision: (i) the Court wrongly applied Tenth Circuit law, rather than New York law, which governs the application of res judicata of a New York decision and which explicitly holds that res judicata does *not* bar claims, as here, that were dismissed "without prejudice" even where other claims were decided on the merits; and (ii) as a separate error, the Court mistakenly assumed that Plaintiff's claims for a declaratory judgment, fraudulent inducement, breach of contract, and conversion mimicked the New York claims by the same name but the claims here concern *different* wrongs and misstatements that were only revealed through discovery in the New York action—where Defendants for the first time breached the parties' agreement by pretending that Plaintiff was an employee instead of a partner—actions that *post-date* the allegations in New York and are not barred by res judicata.

Nothing in Defendants' opposition saves these errors.

**I.    NEW YORK LAW GOVERNS WHETHER THE NEW YORK ACTION BARS PLAINTIFF'S CLAIMS HERE**

Defendants' strained attempt to defend the Court's reliance on non-New York law falls flat. First, Defendants argue (at 3) that because Plaintiff purportedly "never took a position on the proper choice of law in his opposition to Defendants' motion to dismiss," (even though he cited to New York cases, as Defendants concede) that Plaintiff somehow waived the Court's requirement to apply New York law on res judicata. This argument is

2

simply wrong— and illustrates the lack of merit in Defendants' opposition. As the Court itself acknowledged, New York law governs the preclusive effect of the New York court's decision. *See* Dkt. 69 at 28. Defendants do not, and cannot, dispute the black letter law that "[w]e apply the res judicata law of the state from which the judgment issued in determining whether that judgment has preclusive effect in federal court" —and their attempt to ask the Court to nevertheless apply Colorado law makes crystal clear that they are simply trying to pull the wool over the eyes of this Court. *See Francoeur v. U.S. Bank Nat'l Ass'n*, 643 F. App'x 701, 706 (10th Cir. 2016) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982)).

Second, Defendants next try to have it both ways, and argue (at 3) both that Plaintiff "never" raised this argument before in its motion papers on the motion to dismiss and "thus waived his argument", and also that Plaintiff *had* "made this argument in his opposition to the motion to dismiss." Defendants' inconsistent positions make clear its opposition to the motion is baseless. In any event, Defendants have simply no authority — and do not cite a single case — for the proposition that Plaintiff ever waived the argument that this Court should apply New York's law on res judicata.

Third, Defendants argue (at 3) that there is no conflict between Colorado law and New York law on res judicata. That is a red herring: the decision that the Court relied on of *Markley v. U.S. Bank National Association,* Case No. 24-1163 (10th Cir. 2025) applied *neither* Colorado law nor New York law, but federal law on claim preclusion. In any event, as set forth in Plaintiff's moving brief, the *Markley* decision applied the "strict test" of res judicata (which is not what New York applies) and held that a party who failed to assert diversity jurisdiction to pursue his state law claims could not subsequently bring those

3

same claims in state court — in contrast to New York law which has long held that where, as here, a court dismisses causes of action "without prejudice," ***even though it decides another cause of action on the merits,*** a plaintiff is allowed to pursue those causes of action. Dkt. 70 at 5-7 (citing *Miller Mfg. Co. v. Zeiler,* 45 N.Y.2d 956 (N.Y. 1978)).

At bottom, Defendants cannot contest the undisputable fact that there was ***only one*** cause of action in New York that was decided on the merits concerning Plaintiff's claim for unjust enrichment, and Plaintiff's other claims were dismissed ***without prejudice***. *See* Dkt. 18-1, Ex. C at 22 (dismissing claims "without prejudice"); *Kirschenbaum v. De Baets*, 2020 NY Slip Op 33406(U), ¶ 14 (Sup. Ct. N.Y. Cty. 2020). The Court's error in this regard was a function of Defendants' own misrepresentations: Defendants had flat out misrepresented to the Court (Dkt. 50 at 2, 18) that Plaintiff's claims were dismissed *with prejudice* when they were not.[1] As in *Miller*, "the only issues squarely presented to the court for resolution in" the New York action was the unjust enrichment claim and "[u]nder these circumstances, it would be improper and unjust to prevent plaintiff from litigating his remaining claims." The same applies here. Because the trial judge in New York ***never ruled*** on the merits of those causes of action that Plaintiff asserts here, those claims are not subject to claim preclusion in New York.

---

[1] Despite their earlier misrepresentations during the motion to dismiss briefing, Defendants (at 4) finally acknowledge for the first time that the New York court's dismissal of Plaintiff's earlier pleading (which contained the same names of the causes of action alleged here albeit for different transactions) was done "without prejudice." Defendants nevertheless try to retroactively justify their misrepresentations to this Court by now arguing for the first time that the final judgment (which post-dated their misrepresentations) somehow "superseded" those prior orders by dismissing with prejudice the remaining claims in the **Second Amended Complaint**, but that was **only** the unjust enrichment claim. Defendants have cited no case —not one, zero —to support Defendants' argument that a dismissal with prejudice of one claim somehow supersedes a prior dismissal of a different claim that was without prejudice. *Compare with Oneida Indian Nation v. New York*, 194 F. Supp. 2d 104, 144 (N.D.N.Y. 2002) (no res judicata for withdrawn claims).

## II. PLAINTIFF'S CLAIMS HERE CONCERN DIFFERENT BREACHES AND MISSTATEMENTS THAN IN THE NEW YORK ACTION.

As set out in Plaintiff's opening brief, the Court also committed a second, independently dispositive error: it mistakenly believed that Plaintiff's claims here are the same as Plaintiff's claims in the New York action. They are not.

Faced with this dispositive error, Defendants (at 5) again resort to misstatements. Defendants pretend that Plaintiff's argument that its claims are different was raised in its motion for reconsideration "for the first time" and is therefore purportedly subject to "waiver." That is simply false. Plaintiff's opposition to Defendants' motion to dismiss set out precisely the differences between his claims in New York and the claims that he brought here. Dkt. 59 at 9-10. That Defendants, not Plaintiff, have mischaracterized Plaintiff's claims makes clear that even they recognize that these claims are plainly different than those that had been raised in New York.

In any event, Defendants' argument is meritless. Defendants argue (at 6) that even though Plaintiff's claims are based on Defendants' wrongdoing that occurred or was discovered **subsequent** to the commencement of the New York action, Defendants' **separate** breaches of contract and **separate** misrepresentations, are purportedly barred by res judicata because "claims which are identified during discovery in a pending action can and should be brought by amendment of the pleadings in that action." But that misstates the standard: the issue is not whether Plaintiff *could have* brought his claims in the first action, the only question under *Markley* (if it applies) is whether a dismissal with prejudice on one claim can bar a different claim. The answer conclusively is that it cannot when the claims concern different transactions—as here. *See Greenberg v. Bd. of*

5

*Governors of Fed. Res. Sys.,* 968 F.2d 164, 168 (2d Cir. 1992) ("preclusion is limited to the transaction at issue in the first action. Litigation over other transactions, though involving the same parties and similar facts and legal issues, is not precluded."); *Interoceanica Corp. v. Sound Pilots*, 107 F.3d 86, 90-91 (2d Cir. 1997) (res judicata did not bar claim based on subsequent transaction that was "the same in legal theory"; "just as a party who breaches a contract twice in the same way has committed two separate breaches").

At bottom, Plaintiff's claims here concern *different* causes of action than what was pursued in New York—for the most basic reason that Plaintiff's claims here concern facts that *post-date* the commencement of the New York litigation. Those claims have never been tried by a court of law and are not barred by res judicata.

## CONCLUSION

For all of these reasons and those set out in Plaintiff's opening brief, Plaintiff respectfully requests that the Court grant its motion for reconsideration and reinstate Plaintiff's state law claims that have never been adjudicated in the Court of law.

Respectfully submitted,

<u>/s/ Asher Gulko</u>
Asher Gulko
GULKO SCHWED LLP
525 Chestnut Street, Suite 207
Cedarhurst, New York 11516
Telephone: (212) 500-1312
Fax: (212) 678-0405
asher@gulkoschwed.com
Attorneys for Plaintiff

6