IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 24-cv-01950-CNS**

JASON KIRSCHENBAUM

Plaintiff,

v.

STEPHANE DE BAETS, ELEVATED RETURNS, LLC, 315 EAST DEAN ASSOCIATES, INC., THOSAPONG JURUTHAVEE, RAVIPAN JURUTHAVEE, ER GLOBAL LLC, ER MERRY WAY LP, and ASPEN DIGITAL, INC.

Defendants.

---

**MOTION TO DISMISS**

---

Defendants Thosapong and Ravipan Jaruthavee, by their undersigned attorneys, respectfully submit this Motion to Dismiss the Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6).

This Court lacks personal jurisdiction over Mr. Jaruthavee and his daughter, both of whom are subjects of the Kingdom of Thailand with no connection to Colorado. Neither was properly served with the Summons and Amended Complaint, and no effort was made to re-serve them with a new Summons and the SAC. The state law claims, already previously dismissed by this Court as against all Defendants, should again be dismissed as to the Jaruthavees due to their privity with the other Defendants (6/30/25 Tr. at 32). The addition of a new state law claim against the Jaruthavees for "unjust enrichment" (Count VIII) is inexplicable. Not only does it encompass the unjust enrichment claim dismissed

on the merits in New York, but the claim of theft therein ("retained those coins for themselves" ¶ 153) is conclusively contradicted by Plaintiff's own admission elsewhere in the SAC that he still holds and controls his Aspen Digital investment. Finally, the federal claim asserted against the Jaruthavees is fatally deficient as a matter of law: Plaintiff has not pleaded the basic required elements of a justiciable claim against either of them under Securities Exchange Act §§ 9(a) and (f).

## I. CERTIFICATION CONCERNING CONFERRAL

In accordance with Civil Practice Standard 7.1B, on August 4, 2025, counsel for Thosapong and Ravipan Jaruthavee conferred with counsel for Plaintiff regarding the relief requested in this Motion to dismiss, but Plaintiff declined to withdraw his claims and thus opposes this Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. THE JARUTHAVEES' (LACK OF) CONTACTS WITH COLORADO.

Each of the Jaruthavees is a subject of the Kingdom of Thailand, domiciled in the City of Bangkok.[1] Neither does business in Colorado or in the United States as a whole. TJ Decl. ¶ 8, RJ Decl. ¶ 8. At no point has either Jaruthavee personally owned real estate in Colorado or owned an interest in any entity that did so. *Id.* ¶ 7.

At various times, Ms. Jaruthavee has owned an equity interest in some of the defendants, including, as alleged in Defendant Aspen Digital, Inc. RJ Decl. ¶ 13. In all cases, those interests were held in her capacity as a passive investor. *Id.* ¶ 14. Thosapong

[1] *See* Declaration of Thosapong Jaruthavee, dated June 23, 2025 (Dkt. No. 66-1) ("TJ Decl.") ¶ 1; Declaration of Ravipan Jaruthavee, dated June 23 (Dkt. No. 67-1) ("RJ Decl.") ¶¶ 1, 7.

Jaruthavee has never held an equity interest, directly or indirectly, in any of the defendants. TJ Decl. ¶ 10. Neither has ever been an officer or manager of any of the defendants, has ever directed their conduct, has ever acted as their agent, or has ever allowed them to act on his or her behalf. *Id*. ¶ 11; RJ Decl. ¶ 14. Even assuming for purposes of this motion that Mr. Jaruthavee was present when Plaintiff and Stephane De Baets discussed forming a new entity in New York (SAC ¶ 22), there are no allegations connecting any such entity to Colorado, and all claims concerning the entity have in any event been dismissed. Ravipan Jaruthavee is not alleged to have been present at all.

### B. Procedural Background

The Court is familiar with the background of this case, as noted in its Decision announced on June 30, 2025 (*see* Transcript, Dkt. No. 74) on the motion by the other Defendants to dismiss the Amended Complaint. Thosapong Jaruthavee and Ravipan Jaruthavee also moved to dismiss but withdrew their motions after Plaintiff filed the SAC.

In brief, the state-law claims that Plaintiff asserts against both Jaruthavee Defendants in the SAC—for declaratory relief (Count I), for breach of contract (Count II), and for unjust enrichment (Count VIII)—have already been rejected by the New York Court in a series of decisions and orders, and in a final judgment that was not appealed. This Court dismissed all claims in the Amended Complaint in its June 30, 2025 Decision, the state law claims with prejudice, including the now repleaded Counts I and II, and the federal law claims with leave to replead. The Court's Decision did not grant Plaintiff leave to replead or add new state law claims against any Defendant.

### C. PLAINTIFF'S ALLEGATIONS AGAINST THE JARUTHAVEE DEFENDANTS

The SAC alleges four counts purporting to cover both Jaruthavees. Three of those counts are essentially identical to claims asserted in the New York Lawsuit.

Count I seeks a declaratory judgment to resolve an alleged "justiciable controversy . . . between Plaintiff and "all Defendants," including both Jaruthavees, "as to Plaintiff's interests as related to the existence of a partnership, joint venture, or other equity interest between the parties, and to Plaintiff's share of the $1 million fee in connection with the capital raise done on behalf of Aspen Coin … and as to Plaintiff's rights in connection with his $1.36 million investment that he made in Aspen Coin" that Defendants supposedly "have retained" (SAC ¶¶ 94, 95).

Count II asserts a breach of contract claim against all Defendants, alleging that they have "entered lawful and enforceable agreements" with Plaintiff providing for equity interests and management fees, then "breached the agreements . . . and continue to breach same by inter alia failing to make requisite distributions or provide an accounting or to pay him his management fees. Defendants also repudiated their agreements with Plaintiff by staking out claims in litigation in New York that Plaintiff was not entitled to his equity interest." SAC ¶¶ 102-04. The SAC refers to, and annexes as exhibits, various writings that are claimed to be proof of the existence of these alleged contracts (SAC ¶¶ 25-29, Ex. 1, 2). No document alleged to constitute evidence of any supposedly breached contract states that it was made by or mentions either of the Jaruthavees.

Count VIII, the newly added state law claim for unjust enrichment, alleges an unjust enrichment cause of action similar to that dismissed on the merits by the New York Court.

It repeats the breach of contract allegations in Count II, stating that "[c]ontrary to the parties' agreement, T[hosapong]J[aruthavee] and Ravipan [Jaruthavee] have taken Kirschenbaum's life savings that he invested as part of their equity share, and denied Plaintiff his equity share." SAC ¶ 151. Both Jaruthavees are said to have been "unjustly enriched" by benefiting from Plaintiff's "contributions" and "ideas" while Plaintiff was denied the return that he deserved. *Id.* ¶¶ 151-154. It is alleged that the Jaruthavees somehow "converted Kirschenbaum's $1.36 million investment for their own personal benefit" and thereby "retained those coins for themselves." *Id.* ¶ 153. This is flatly contradicted by the SAC's admission elsewhere that Plaintiff still owns the coins. *Id.* ¶¶ 88-89.

As in the Amended Complaint, Count VII of the SAC asserts claims against "all Defendants" under Sections 9(a) and 9(f) of the Securities Exchange Act of 1934 for "(a) employ[ing] devices, schemes, and artifices to defraud; (b) ma[king] untrue statements of material fact and/or omit[ing] to state material facts . . . ; and (c) engag[ing] in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of securities in an effort to maintain artificially high market prices for certain digital tokens," all in connection with the "Buy-Back Program." SAC ¶¶ 138-142. The Jaruthavees are not alleged to have made any false statements themselves; rather they allegedly "approved" the asserted acts, which somehow amounted to "a plan, scheme and course of conduct which was intended to and, did: (1) deceive the investing public, including Plaintiff, as alleged herein, including by refusing to redeem Plaintiff's coins in 2024; (2) engaged in a scheme to create the appearance of liquidity in Aspen Coin or artificially inflate the price

of Aspen Digital; and (3) mislead and cause[] Plaintiff to hold or sell his securities at artificially manipulated prices." *Id.* ¶ 139.

### D. Plaintiff's Purported Service of Process on the Jaruthavees.

Plaintiff filed an affidavit of purported service on Defendant Thosapong Jaruthavee (Dkt. No. 58), in which a Mr. Yodthong Phutthamong, identified as a messenger, avers that he left the summons addressed to Mr. Jaruthavee with a woman identified as "the maid of the house" at an address which is Mr. Jaruthavee's "legally registered address by Thai law.". The messenger further avers that on one attempt at service, he encountered a woman at the house who said she was Mr. Jaruthavee's sister.

Plaintiff filed an affidavit of purported service on Ravipan Jaruthavee (Dkt. No. 54), in which one Eric J. Rivera avers that, on January 21, 2025, he delivered a true copy of the Summons and Amended Complaint to "'John Doe' – name Refused, Co-Tennant [*sic*]" at "56 Leonard Street, Apt #38E, New York, NY" and mailed another copy to the same address. The unknown alleged recipient of this service is said to have told Mr. Rivera that "said premises" were "the Defendant's Home within the state." *Id*.

## III. ARGUMENT

### A. Legal Standards

To survive a motion to dismiss made under Rule 12(b)(2), Plaintiff must "make a prima facie showing of personal jurisdiction . . . by presenting evidence—either uncontested allegations in [his] complaint or evidence in the form of an affidavit or declaration—that if true would support jurisdiction over the defendant." *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022).

"When a defendant challenges the sufficiency of service [under Rule 12(b)(5)], the plaintiff bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Burnam v. Weld Cnty. Sheriffs*, No. 23 Civ. 151, 2024 WL 1051949, at *2 (D. Colo. Mar. 11, 2024) (citations omitted). Upon a finding of improper service, a court need not give a plaintiff an opportunity to re-serve a defendant if doing so would be futile, for example because of other deficiencies in the complaint. *See*, *e.g.*, *Pounds v. Dep't of Interior*, 9 F. App'x 820, 821 (10th Cir. 2001).

Under Rule 12(b)(6), the Court is authorized to dismiss Plaintiff's state-law claims under the doctrine of claim preclusion. *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014). Moreover, the principle of privity applies claim preclusion to those who are connected to similarly situated named parties by "control" or other relationship such that their "interests are represented by a party to the action". *Buechel v. Bain*, 97 N.Y.2d 295, 304 (2001).

Also under Rule 12(b)(6), the Court has the power to dismiss federal claims, such as Plaintiff's Exchange Act claims alleged here, unless the complaint pleads "allegations plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

### B. THIS MOTION NEED NOT BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT

Civil Practice Standard 7.1B(c) requires a Rule 12(b) movant who relies on matters outside the pleadings to address whether the motion should be converted into a motion for summary judgment. In this case, the Motion need not be converted.

On a motion under Rule 12(b)(6), the Court may consider the complaint, and (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute their authenticity; and (3) matters of which the Court may take judicial notice. *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016). Here, the SAC references the New York Lawsuit (¶¶ 68-73). His previous pleading quoted the court order granting Defendants summary judgment. Am. Compl. ¶¶ 63-67. Plaintiff has thus incorporated filings from the New York Lawsuit by reference. Moreover, the filings in the New York Lawsuit are subject to judicial notice. F.R.E. 201. The Court may therefore consider the New York Lawsuit filings without converting this Motion to one for summary judgment.

Separately, the Court may consider facts outside the pleadings in evaluating a motion seeking dismissal under Rules 12(b)(2) and 12(b)(5). *See Goode v. Gaia, Inc*, 2025 WL 545948, at *4 (D. Colo. Feb. 19, 2025) ("in a Rule 12(b)(2) context, a court may consider affidavits and other documentary evidence submitted by the parties") (citations omitted). Here, facts concerning jurisdiction and service are contained in both Jaruthavee Declarations and are referenced solely in support of that part of the motion that seeks dismissal on jurisdictional and insufficient service grounds.

### C. THIS COURT LACKS PERSONAL JURISDICTION OVER BOTH JARUTHAVEES.

"[A] plaintiff seeking to establish personal jurisdiction over an out-of-state defendant [where diversity jurisdiction is asserted] must show both that the exercise of jurisdiction is sanctioned by the state's long-arm statute and that it comports with the requirements of due process under the Fourteenth Amendment." *Eighteen Seventy*, 32 F.4th at

965. Since Colorado's long-arm statute "confers personal jurisdiction to the extent permitted by the United States Constitution . . . the statutory and constitutional requirements merge and we must assess only whether Colorado jurisdiction . . . would be consistent with due process." *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1220–21 (10th Cir. 2021) (citation omitted). The same due process question applies to claims invoking federal-question jurisdiction. *See Smith v. Rest. Depot*, 2024 WL 4235067, at *2 (10th Cir. Sept. 19, 2024).

"Consistent with due process, a court may exercise specific personal jurisdiction over a non-resident defendant only when that defendant has the requisite 'minimum contacts' with the forum state, such that having to defend the lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Eighteen Seventy*, 32 F.4th at 965 (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The minimum contacts standard requires, first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiff's injuries must arise out of a defendant's forum-related activities." *Id*. at 966 (cleaned up).

The SAC fails to allege facts that satisfy Plaintiff's burden. Neither Jaruthavee, each a domiciliary of Thailand (TJ Decl. ¶ 1), is alleged to have any contacts with Colorado other than Thosapong Jaruthavee's conversing on a flight to Colorado (SAC ¶¶ 44, 51) and both Jaruthavees' making an investment, along with Plaintiff, in Aspen Digital, Inc. (*id.* ¶ 48), a Maryland corporation that owns the St. Regis Aspen Hotel. *Id*. ¶¶ 11, 50.[2]

[2] The SAC does not allege that Ravipan Jaruthavee was on the flight to Colorado or that Plaintiff has ever met or conversed with her anywhere.

But that flight is not alleged to have had any relation to the parties' dispute, and purely passive investment cannot create personal jurisdiction over either of the Jaruthavees. *See GCIU-Emp. Ret. Fund v. Coleridge Fine Arts*, 700 F. App'x 865, 869 (10th Cir. 2017) ("stock ownership in . . . a corporation, without more, is not a sufficient minimum contact"); *see also Shaffer v. Heitner*, 433 U.S. 186, 213–16 (1977). Moreover, no harm to Plaintiff is alleged to have been caused by such investment in the entity.

Nor does Plaintiff allege that he was injured ***in Colorado*** by any act or conduct of either of the Jaruthavees, which independently defeats personal jurisdiction.[3] *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 16 F. App'x 959, 962 (10th Cir. 2001) ("a court may . . . assert specific jurisdiction over a nonresident defendant if the defendant has purposefully ***directed his activities at residents of the forum***, and the litigation results from alleged injuries that arise out of or relate to those activities") (emphasis added); C.R.S. § 13-1-124(1)(a) (Colorado long-arm statute, permitting jurisdiction for claims based on injuries "arising from … transaction of any business within this state").

### D. NEITHER JARUTHAVEE WAS ADEQUATELY SERVED WITH PROCESS.

According to the proof of service he filed (Dkt. No. 58), Plaintiff purports to have served Thosapong Jaruthavee by leaving the summons at his residence in Bangkok with a person of suitable age and discretion who resides there, and by mailing a copy to Mr. Jaruthavee's last known address. Even if these assertions were true, they would not constitute adequate service under Fed. R. Civ. P. 4(f), the full text of which is annexed to this

[3] Plaintiff argued in the New York Court that these alleged "facts" established personal jurisdiction over Thosaphong Jaruthavee in New York, an argument rejected by that court in dismissing on jurisdictional grounds. *See* Defs' prior dismissal motion, Dkt. No. 50-1.

motion. Delivery to the sister's maid does not meet any of the permitted categories of service: Plaintiff did not attempt to comply with the Hague Convention or show it to be unavailable. He did not follow Thai court procedures for service, obtain letters rogatory or a letter of response, serve Mr. Jaruthavee personally, have the Clerk of Court mail process to Mr. Jaruthavee, or obtain a Court order for alternative service.

Likewise, Ravipan Jaruthavee was not properly served with process. The affidavit of service appears to be a sham, alleging delivery of the summons by leaving it at her supposed "dwelling or usual place of abode" in New York (i) with a person of suitable age and discretion residing there (Rule 4(e)(2)(B)), or alternatively (ii) with a person of suitable age and discretion at the actual . . . dwelling place or abode of the person to be served" and followed by mailing it to the same address (Rule 4(e)(1), following New York Civil Practice Law and Rules 308(2)). Ravipan Jaruthavee avers in her Declaration (¶ 7) that she received no such delivery from anyone, and for good reason. The affidavit of service claims delivery solely to "Apartment 38E" at 56 Leonard Street in New York City Ms. Jaruthavee has an indirect interest only in Apartment 30AE at the building; she does not "reside" there. Indeed, it seems unlikely the process server went anywhere at all: there is no Apartment 38E in the building at 56 Leonard Street, and no one was at Apartment 30AE on the day of purported service, RJ Decl. ¶¶ 5, 7. Process was not duly served.

### E. Claim Preclusion Bars Plaintiff's State-Law Against The Jaruthavees.

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been

raised in the prior action." *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). In its June 30, 2025 Decision, this Court, following the recent guidance of the Tenth Circuit in *Markley v. U.S. Bank, N.A.*, 142 F.4th 732 (10th Cir. 2025), dismissed all state claims in the Amended Complaint in this case because the final, unappealed rulings on the same claims in New York were barred by res judicata. Tr. at 29-31. The same result should apply to both Jaruthavee Defendants as privies of the other Defendants. Plaintiff cannot be heard to dispute that they are in privity. The SAC insists repeatedly that Thosapong Jaruthavee was Defendant De Baets' "partner" and somehow made or "approved" business decisions that were central to Plaintiff's claims (*e.g.*, SAC ¶¶ 12, 21-26, 31-32, 36-38, 40, 42, 44, 46, 49, 51, 54, 57-60, 65). Similarly, the SAC presents Ravipan Jaruthavee to be actively involved in the conduct complained of as "alter ego of her father," "stockholder," "partner in ER Merry Way," investor in the St. Regis Hotel, and approver of actions that Plaintiff alleges to have oppressed him (*e.g. id.* ¶¶ 13, 25-26, 31-32, 46, 49, 58-59).

"The concept of privity requires a flexible analysis of the facts and circumstances of the actual relationship between the party and nonparty in the prior litigation." *Syncora Guarantee Inc. v. J.P. Morgan Sec. LLC*, 110 A.D.3d 87, 93 (N.Y. App. Div. 2013). Privity "includes those . . . who control an action although not formal parties to it, those whose interests are represented by a party to the action, and those who are coparties to a prior action." *Buechel v. Bain*, 97 N.Y.2d 295, 304 (2001). Any liability on the part of either Jaruthavee would stem from their alleged association, "approval" roles, and concerted action with the other Defendants, placing them in privity with the Defendants. *Guide New*

*York City Inc. v. Pearlbud Realty Corp.*, 226 A.D.3d 517, 518 (N.Y. App. Div. 2024); *Syncora Guarantee Inc. v. J.P. Morgan Sec. LLC*, 110 A.D.3d 87, 9331 (N.Y. App. Div. 2013); *accord, Lowell Staats Mining Co., Inc. v. Philadelphia Electric Co*., 878 F.2d 1271, 1274-76 (10th Cir. 1989). Here, the Jaruthavees are alleged to be deeply involved in virtually all relevant events and to have made decisions underlying the state law claims (Counts I, II, and VIII). Accordingly, they are privies of the other Defendants and thus entitled to the same res judicata bar that was applied to those Defendants.

**F. PLAINTIFFS' FEDERAL CLAIM FAILS TO STATE A CLAIM FOR RELIEF.**

Plaintiff's sole federal claim against the Jaruthavee Defendants (Count VII) fails to state a claim for relief because Plaintiff has not pleaded and cannot plead facts sufficient to establish the elements with the requisite particularity.

To adequately plead a claim under Section 9(a)(2) of the Securities Exchange Act, 15 U.S.C. § 78i, Plaintiff would need to allege "(1) a series of transactions in a security creating actual or apparent trading in that security or raising or depressing the price of that security, (2) carried out with scienter (3) for the purpose of inducing the security's sale or purchase by others, (4) [that] was relied on by the plaintiff, and (5) affected plaintiff's purchase or selling price." *Perry v. Eastman Kodak Co.*, 962 F.2d 10 (7th Cir. 1992). In addition, where a Complaint "asserts a claim under the Securities Exchange Act, it must also satisfy the requirements of the Private Securities Litigation Reform Act," which "requires that allegations of misrepresentation must satisfy a heightened standard." *Employees' Ret. Sys. of Rhode Island v. Williams Companies, Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018). Under the PSLRA, the complaint must "specify each statement alleged

to have been misleading" and must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C.A. §§ 78u-4(b)(1)(B), 78u-4(b)(2)(A).

Thus, for his Exchange Act claim to survive, Plaintiff would need to allege that each Jaruthavee knowingly engaged in a series of transactions that manipulated the price of Aspen tokens, for the purpose of inducing sales or purchases by others, on which Plaintiff relied, that affected his purchase or sale price. The SAC does not and cannot do so because ***no misleading statement*** is alleged with particularity to have been made ***by either Jaruthavee***. And ***no purchase or sale in reliance*** on a misleading statement by anyone is or can be alleged. The SAC admits Plaintiff purchased the Aspen tokens years before the supposed misconduct, *i.e.*, seven years ago, in October 2018, long ***before the buy-back program was announced*** (SAC ¶ 47). And his purported grievance is the supposed inability to avail himself of the program at what he considered a proper price, *i.e.*, that his injury comes from ***not making a sale*** (*id.* ¶¶ 146-147) ("the *only* sellers have been Defendants themselves") (emphasis in the SAC ).[4]

Nor can Plaintiff save his claim by pointing to the group pleading that peppers the SAC, both because such pleading does not satisfy the particularity requirements of the PSLRA and because even the group allegations are inadequate. Plaintiff has failed to plead reliance because the timing does not permit it. Plaintiff has failed to plead that he

[4] Plaintiff concedes he sold some tokens but insists the sales were "de minimis" and thus of no significance to his claim (¶ 147), which instead focuses on his purported inability to sell. Contrary to the requirements of the PSLRA, the SAC fails to allege any particularized act—not a single actual misstatement or administrative conduct by either Jaruthavee—that affected the price of the Aspen tokens or operation of buy-back program.

suffered a loss in making the original purchase or in the "*de minimis*" sale of a few tokens. And Plaintiff has failed to plead with particularity any loss that would have been caused by the alleged group conduct of the lumped-together Defendants. These arguments apply *a fortiori* to both Jaruthavees, as to whom no actionable conduct is spelled out. In view of these pleading failures, which cannot be overcome by amendment because neither the facts nor simple logic will support them, Count VII should be dismissed.

## IV. CONCLUSION

Plaintiff's latest attempt to hale the Jaruthavees into court still lacks merit: neither Thosapong Jaruthavee nor Ravipan Jaruthavee is subject to personal jurisdiction in Colorado, neither has been properly served with process, neither is subject to state law claims, and the unparticularized federal claim against them lacks substance.

WHEREFORE, the Jaruthavee Defendants respectfully request this honorable Court, in accordance with Fed. R. Civ. P. 12(b)(2), (5), and (6), to grant this Motion and dismiss Plaintiff's Second Amended Complaint and each claim for relief therein against those Defendants with prejudice.

DATED this 8th day of September, 2025.

Respectfully submitted,

*/s/ Christopher D. Bryan*
Christopher D. Bryan
Macklin Henderson
GARFIELD & HECHT, P.C.
625 East Hyman Ave., Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
Fax: (970) 925-3008
cbryan@garfieldhecht.com

Richard G. Menaker
Alexander Mirkin
OFFIT KURMAN, P.A.
590 Madison Avenue, 6th Floor
New York, New York 10022
Telephone: (212) 545-1900
Fax: (212) 545-1656
rmenaker@offitkurman.com
amirkin@offitkurman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2025, a true and correct copy of the foregoing MOTION TO DISMISS was filed with the Court and served via CM/ECF upon all parties of record. Additionally, it was sent via e-mail to Thosapong Juruthavee, and Ravipan Juruthavee.

*/s/ Rebekah Ortell*
Rebekah Ortell

## Federal Rule of Civil Procedure 4(f)

Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.