IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01950-CNS

JASON KIRSCHENBAUM,

Plaintiff,

v.

STAPHANE DE BAETS,
ELEVATED RETURNS, LLC,
315 EAST DEAN ASSOCIATES, INC.,
ASPEN DIGITAL, INC.,
THOSAPONG JURUTHAVEE,
RAVIPAN JURUTHAVEE,
ER GLOBAL LLC, and
ER MERRY WAY LP,

Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's fully briefed Motion for Reconsideration. *See, e.g.* ECF No. 70. It's DENIED. In denying Plaintiff's reconsideration motion, the Court presumes familiarity with this case's factual and procedural background, and the governing legal standard. *See, e.g., Xcel Energy Servs., Inc. v. Nat'l Am. Ins. Co.*, No. 22–cv–02802–CNS–STV, 2023 WL 3764640, at *5 (D. Colo. June 1, 2023).

## I. ANALYSIS

Presuming Plaintiff has waived none of his reconsideration arguments, he advances two that the Court considers and rejects in turn below: that New York law

governs, and the Court erred in concluding otherwise, *see* ECF No. 70 at 6, and that Plaintiff's claims in this case differ from his claims in the New York action and are not barred by claim preclusion, *see id.* at 9.

*First*, as to Plaintiff's contention that New York preclusion law, rather than law from Colorado or the Tenth Circuit, governs—and thus compels a contrary preclusion outcome to the one the Court previously reached, *see id.* at 9—this contention fails to persuade that reconsideration is warranted. Colorado and New York follow "substantially the same [claim preclusion] principles," *Harbinger Cap. Partners LLC v. Ergen*, 103 F. Supp. 3d 1251, 1259 (D. Colo. 2015), and so the "forum state's law" applies in the Court's analysis, *see Xcel Energy*, 2023 WL 3764640, at *1, as there is no outcome-determinative conflict between Colorado and New York claim preclusion principles, *Harbinger Capital*, 103 F. Supp. 3d at 1259 (collecting cases). And to the extent the Court discussed *Markley v. U.S. Bank National Association* in its analysis of Defendants' dismissal motion at its hearing regarding the same, *Markley* observed its federal claim preclusion principles were consistent with Colorado's. *See* 142 F.4th 732, 739 (10th Cir. 2025) (citing *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834 (Colo. App. 1996)). Which is to say that *Markley* is in alignment with Colorado's claim preclusion principles, and the Court did not err in discussing *Markley* in its analysis of Defendants' motion. *Compare Markley*, 142 F.4th at 737, *with Dalal*, 934 P.2d at 832; *and Harbinger Capital*, 103 F. Supp. 3d at 1259.

But even if New York's claim preclusion principles *did* materially differ—and they do not—such a difference does not demand reconsideration in this case. *Cf. Gulf LNG Energy, LLC v. Eni S.p.A.*, 232 A.D.3d 183, 193 ("[Not] all claims dismissed without

prejudice may evade the application of the doctrine of [claim preclusion].”). As Defendants observe, the New York state court in the related action entered a final judgment that ultimately “dismissed with prejudice” the “action in its entirety.” ECF No. 62-1 at 13; *see also* ECF No. 72 at 4; *Giardina v. Nassau Cnty.*, No. 08–CV–2007 (JFB)(WDW), 2010 WL 1850793, at *3 (E.D.N.Y. May 7, 2010) (observing in claim preclusion analyses that courts may take judicial notice of “documents filed in previous cases”). That any *prior* order at an earlier stage of the New York litigation involved an unprejudiced dismissal of some claims, *cf.* ECF No. 18-1 at 63, is of no moment for claim preclusion purposes under any forum’s doctrinal framework where such a clear *final judgment* entered subsequently. *See, e.g. Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111, 170 N.E.3d 733, 736 (2021) (“Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action.” (citation modified)); *Markley*, 142 F.4th at 737.[*] The Court noted as much at the hearing on Defendants’ dismissal motion. *See* ECF No. 69 at 29–30.

*Second*, Plaintiff argues his current claims “concern different breaches and misstatements than in the New York action.” ECF No. 70 at 9. But as Defendants observe, this argument fails to account for the transactional approach the Court must take and apply in its claim preclusion analysis. *See* ECF No. 72 at 5–6. Reading the relevant

[*] A case from New York federal court, observing that New York and federal claim preclusion principles have “no discernible difference,” *Brown v. Bldg. Engines, Inc.*, No. 23–cv–6684 (PKC), 2024 WL 4303268, at *4 (S.D.N.Y. Sept. 25, 2024) (citation modified), further illustrates the point. *Brown* concluded there was no final judgment on the merits in a prior case where the parties “filed a joint stipulation to dismiss the amended complaint ‘without prejudice’” and then the plaintiff refiled the complaint. *Id.* Thus, “[b]ecause there was no *final judgment* on the merits in [the prior case] and the action was dismissed without prejudice, the doctrine of res judicata d[id] not bar the claims asserted in [the subsequent case].” *Id.* at *5 (emphasis added). Contrast the related New York action in this case, where a final judgment *was* ultimately entered.

complaints from both actions, Plaintiff's allegations in both this case and the New York action confirm that, for claim preclusion purposes, they are part of the same transaction and thus barred. Fundamentally, both cases arise from disputes regarding the parties' initial agreement and Plaintiff's equity shares. *Compare, e.g.*, ECF No. 43 at 22, *with* ECF No. 18-1 at 81. Coupling these allegations with these cases' common allegations regarding Plaintiff's Aspen Coin investments confirm that the instant case and Plaintiff's New York action arise out of the "the same transaction or series of transactions" for claim preclusion purposes. *Simmons*, 37 N.Y.3d at 111. *See also, e.g.,* ECF No. 43 at 23; ECF No. 18-1 at 90. Indeed, the allegations giving rise to Plaintiff's claims in both actions are "related in time, space, origin, or motivation," *Simmons*, 37 N.Y. 3d at 111 (citation modified), and even if Plaintiff asserts different *claims* in the instant case this does not place him beyond claim preclusion's reach, *see also Markley*, 142 F.4th at 737 (observing "claim preclusion examines whether there was a final judgment as to . . . a given set of facts that are related in time, space, origin, or motivation" (citation modified)).

To the extent that Plaintiff argues his instant claims are not precluded because they are based on facts discovered *after* the New York litigation *commenced*, *see, e.g.* ECF No. 70 at 10, the Court notes Defendants' well-taken point that amendment of any New York pleading could have been pursued, *see* ECF No. 72 at 6. Or, as the Court noted at the hearing on Defendants' dismissal motion, Plaintiff could have pursued a possible appeal in New York. *See* ECF No. 69 at 30. Instead, Plaintiff chose to come here, where he is bound—as the Court is—by the transactional approach whose

application New York, Colorado, and federal law demand. *See, e.g., Simmons*, 37 N.Y. 3d at 111; *Markley*, 142 F.4th at 737.

* * *

As the Court observed at the hearing on Defendants' motion to dismiss, and the cases cited above confirm, New York and Colorado law are quite similar—if not identical—as to claim preclusion. *See* ECF No. 69 at 28. Plaintiff has failed to meet his reconsideration burden in showing the Court's prior preclusion determination was wrong, and so the Court denies his motion. *See, e.g. Xcel Energy*, 2023 WL 3764640, at *5.

## II. CONCLUSION

Consistent with the above analysis, Plaintiff's Motion for Reconsideration, ECF No. 70, is DENIED.

DATED this 4th day of February 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge